24-2758
*United States v. Gordon*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 31st day of March, two thousand twenty-six.

PRESENT:

> RICHARD J. SULLIVAN,
> JOSEPH F. BIANCO,
> BETH ROBINSON,
> *Circuit Judges.*

_____

UNITED STATES OF AMERICA,

*Appellee*,

v.                                                                  No. 24-2758

STEFAN BAGLEY, JR., TREMAYNE FERGUSON,
a.k.a. TRE, JEFFREY CHARLESTON, a.k.a. J DOT,
CHASE DRALLE, a.k.a. CHEVY, JAMAINE
ADKINS, JR., a.k.a. G BANGER,

*Defendants,*

E<small>SKAVAIL</small> G<small>ORDON</small>, a.k.a. V<small>AIL</small>,

*Defendant-Appellant.*

_____

| | |
|---|---|
| **For Defendant-Appellant:** | David A. Moraghan, Smith Keefe Moraghan & Waterfall, LLC, Torrington, CT. |
| **For Appellee:** | John T. Pierpont, Jr., Conor M. Reardon, Assistant United States Attorneys, *for* David X. Sullivan, United States Attorney for the District of Connecticut, New Haven, CT. |

Appeal from a judgment of the United States District Court for the District of Connecticut (Omar Antonio Williams, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the October 10, 2024 judgment of the district court is **AFFIRMED**.

Eskavail Gordon appeals his sentence of forty-eight months' imprisonment following his plea of guilty to one count of receipt of a trafficked firearm in violation of 18 U.S.C. § 933(a)(2) and (b). Gordon argues that his above-Guidelines sentence was procedurally and substantively unreasonable; he also contends that the district court erred when it declined to specify whether his sentence should

run concurrently or consecutively to any future sentence imposed in connection with a possible violation of state probation. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal, to which we refer only as necessary to resolve this appeal.

**I.    Gordon's Sentence was Procedurally and Substantively Reasonable.**

"We review a district court's sentencing decision for procedural and substantive reasonableness, using a deferential abuse-of-discretion standard." *United States v. Vargas*, 961 F.3d 566, 570 (2d Cir. 2020) (internal quotation marks omitted). "A district court commits procedural error where it fails to calculate the Guidelines range . . . , makes a mistake in its Guidelines calculation, . . . treats the Guidelines as mandatory[,] . . . does not consider the [section] 3553(a) factors, . . . rests its sentence on a clearly erroneous finding of fact[,] . . . fails adequately to explain its chosen sentence," or fails to "include an explanation for any deviation from the Guidelines range." *United States v. Cavera*, 550 F.3d 180, 190 (2d Cir. 2008) (en banc) (citations and internal quotation marks omitted). A district court commits substantive error when it imposes a sentence that is beyond "the range of permissible decisions, because it is shockingly high, shockingly low, or otherwise unsupportable as a matter of law." *United States v. DiMassa*, 117 F.4th

477, 482 (2d Cir. 2024) (internal quotation marks omitted). We examine "the totality of the circumstances, giving due deference to the sentencing judge's exercise of discretion, and bearing in mind the institutional advantages of district courts." *Cavera*, 550 F.3d at 190. And we "focus[] on a district court's explanation of its sentence in light of the factors contained in 18 U.S.C. § 3553(a)." *DiMassa*, 117 F.4th at 482 (internal quotation marks omitted).

Here, the district court did not procedurally err in imposing the sentence. For starters, the court correctly calculated the Guidelines range of twenty-four to thirty months' imprisonment, which Gordon does not challenge on appeal. It then "consider[ed] the sentencing goals set forth at [s]ection 3553(a)," App'x at 78, in relation to "the nature and circumstances of the offense and the history and characteristics of the defendant," § 3553(a)(1), including the need for the sentence imposed (1) "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," § 3553(a)(2)(A), (2) to "afford adequate deterrence to criminal conduct," § 3553(a)(2)(B), and (3) to "protect the public from further crimes of the defendant," § 3553(a)(2)(C). *See* App'x at 78, 125.

Gordon nonetheless argues that the district court failed to adequately explain its "deviation from the Guidelines range," *Cavera*, 550 F.3d at 190 (internal

4

quotation marks omitted), when it imposed a forty-eight-month sentence based primarily on Gordon's prior state conviction for possessing a firearm, for which he received a suspended sentence and probation. In Gordon's telling, the prior state conviction was "already included in the calculation of the Guidelines sentencing range," which required the district court to "articulate specifically the reasons that this particular defendant's situation is different from the ordinary situation covered by the Guidelines calculation." Gordon Br. at 13 (quoting *United States v. Sindima*, 488 F.3d 81, 87 (2d Cir. 2007)).

But here, unlike in *Sindima*, the district court *did* explain why it deviated from the Guidelines. Indeed, the court noted expressly that Gordon committed the offense while on felony probation for a remarkably similar state crime, and for which he had received the benefit of a non-custodial sentence. App'x at 125. Notwithstanding that "terrible previous decision when he was caught possessing a firearm with an obliterated serial number," *id.*, Gordon "squandered" the opportunity provided by the state court judge, *id.* at 106, "was not deterred by his previous avoidance of imprisonment," and "decided to return to similar conduct," *id.* at 125. The similarity of his current conduct to the prior conduct for which he was convicted and still serving probation particularly troubled the district court.

5

The court, therefore, concluded that Gordon's conduct "present[ed] a true threat to public safety." *Id.* at 125.

In short, the district court went to great lengths to explain why Gordon was not the "average" defendant sentenced under this Guideline at this offense level and in Criminal History Category I. *See id.* at 115 (distinguishing Gordon from defendants sentenced at national sentencing averages by asking "how many of those folks were on probation for a gun conviction?"); *id.* at 116 ("Mr. Gordon [must] be sentenced for his conduct, his circumstances, and it[']s significant in this case to note that he was on probation for a similar offense."); *id.* at 119 ("[J]ust so the record is clear, Mr. Gordon benefited from leniency in his prior sentence."); *id.* at 125 (noting that "Mr. Gordon was not deterred by his previous avoidance of imprisonment" and that his "illegal possession of a gun" was a "violation of perhaps the most important condition of his previous felony probation"). The district court considered those facts to be relevant to the objectives of sentencing under section 3553(a)(2), and concluded that an above-Guidelines sentence was necessary to "reflect[] the seriousness of this offense, promote[] respect for the law, and provide[] a just punishment for this crime while still affording adequate deterrence to Mr. Gordon and to others [by] showing that there are real

consequences for these criminal actions."  *Id.* at 125.  In light of this record, we cannot say that the district court abused its discretion by failing to adequately explain its "deviation from the Guidelines range."  *Cavera*, 550 F.3d at 190 (internal quotation marks omitted).

Nor can we say that the district court's imposition of a sentence of forty-eight months' incarceration was substantively unreasonable.  Although the sentence imposed was eighteen months above the top of the Guidelines range, we have rarely found such a variance to be "shockingly high" or "unsupportable as a matter of law."  *DiMassa*, 117 F.4th at 482 (internal quotation marks omitted); *see also Gall v. United States*, 552 U.S. 38, 51 (2007) ("[I]f the sentence is outside the Guidelines range, the court may not apply a presumption of unreasonableness.").  To the contrary, we have routinely affirmed above-Guidelines sentences of such magnitude.  *See, e.g., United States v. Davis*, 82 F.4th 190, 203 (2d Cir. 2023) (affirming forty-eight-month felon-in-possession sentence where Guidelines recommended fifteen to twenty-one months and finding the 129% variance not "shockingly high"); *United States v. Feaster*, 833 F. App'x 494, 495–96 (2d Cir. 2020) (affirming sixty-month felon-in-possession sentence where Guidelines recommended twenty-seven to thirty-three months); *United States v. Baptist*, 847 F.

App'x 61, 67 (2d Cir. 2021), *as amended* (Mar. 31, 2021) (affirming sixty-month felon-in-possession sentence where Guidelines recommended thirty to thirty-seven months).

"[F]ocus[ing] on [the] district court's explanation of its sentence in light of the factors contained in 18 U.S.C. § 3553(a)," *DiMassa*, 117 F.4th at 482 (internal quotation marks omitted), we find that the sentence here is not unreasonable as a matter of law. As noted above, the district court concluded that Gordon showed no regard for the "benefit[]" bestowed in the form of a "lenien[t] . . . prior sentence." App'x at 119. From the text messages recovered at the time of his arrest, Gordon acknowledged that his firearms trafficking was "going fed," meaning that he knew that he could be "federally prosecuted" for his action. *Id.* at 87. Gordon persisted in that conduct, heedless of the risk that his conduct posed to "public safety," *id.* at 119, and dismissive of "the rules of [his] probation," which merely required him "to follow the law, to stay out of trouble, [and] to show [himself] worthy of that opportunity," *id.* at 124. Considering this conduct, the district court reasonably found that a Guidelines sentence would not suffice to protect the public from the further crimes of a defendant who openly disregarded "the seriousness of [a federal] offense" and refused to be "adequate[ly] deterre[d]"

by a non-carceral sentence. § 3553(a)(2). "[G]iving due deference to the sentencing judge's exercise of discretion, and bearing in mind the institutional advantages of district courts," *Cavera*, 550 F.3d at 190, we conclude that a sentence of forty-eight months' imprisonment was not substantively unreasonable under these circumstances.

## II. The District Court Did Not Abuse its Discretion in Declining to Specify Whether the Sentence Would Run Concurrently or Consecutively to a Potential State Sentence.

Gordon next argues that the district court abused its discretion when it refused to order that its forty-eight-month sentence run "concurrently or consecutively" to any later imposed sentence for a violation of Gordon's state term of probation. Gordon Br. at 15. We disagree.

The Supreme Court itself has recognized that where a district court lacks adequate information "to impose anticipatory consecutive (or concurrent) sentences intelligently," it may forbear from doing so. *Setser v. United States*, 566 U.S. 231, 242 n.6 (2012); *see also United States v. Tisdol*, No. 21-2667-cr, 2023 WL 2441680, at *1 (2d Cir. Mar. 10, 2023) (affirming district court's decision to forbear ruling on whether federal sentence should run consecutively or concurrently to not-yet-imposed state sentence). Indeed, we have held that, even when a state court has *already* sentenced a defendant, a "district court [would still] not err in

9

declining to make a determination whether the federal and state sentences should run concurrently or consecutively." *United States v. McIntosh*, 753 F.3d 388, 395 (2d Cir. 2014).

The record before us reflects only that "the state sought and obtained an arrest warrant for [Gordon's] violation of probation" on his prior state conviction. App'x at 116. At the time of Gordon's sentencing – and up to the present – there is nothing to indicate that Gordon's state probation has actually been – or will be – revoked. *See id.* at 117 (defense counsel acknowledging that "[w]e just know that warrant is out there"). And while the district court clearly understood that it had the authority to "impose a sentence here concurrent to a sentence in [s]tate [c]ourt that has not been imposed yet," *id.* at 118, it was understandably reluctant to "issue any statement or determination that the future state sentence, if there is one, would have to be concurrent" because that decision was "a decision that the [c]ourt [left] up to the later [s]entencing [c]ourt," *id.* at 120. As in *McIntosh*, "[w]e see no reason to think that a district court is *required* to make a determination in these circumstances." 753 F.3d at 395. Given the uncertainty regarding Gordon's state sentence, the district court was well within its discretion to forbear as it did.

\*     \*     \*

We have considered Gordon's remaining arguments and find them to be

without merit.  Accordingly, we **AFFIRM** the district court's sentence.

                              FOR THE COURT:
                              Catherine O'Hagan Wolfe, Clerk of Court